This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38848**

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

v.

**NEW MEXICO CORRECTIONS DEPARTMENT, OFFICE OF GENERAL COUNSEL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Judge**

Bryce Franklin
Hobbs, NM

Pro Se Appellant

Paula E. Gantz
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** Plaintiff appeals from the district court's grant of summary judgment to Defendant, the New Mexico Corrections Department (NMCD) with the Office of General Counsel as records custodian, on Plaintiff's complaint brought under the Inspection of Public Records Act (IPRA), NMSA 1978 §§ 14-2-1 to -12 (1947, as amended through 2019).[1] Plaintiff contends on appeal that Defendant violated IPRA by failing to permit

---

1Some sections of IPRA were amended after Plaintiff's requests were made, and the complaint was filed. *See* §§ 14-2-1, -1.1, -6(H). Because those amendments do not impact the current appeal, we cite the most recent version of the statute.

inspection of certain prison records and "all public records contained in [Plaintiff's] prison file." We affirm in part, reverse in part, and remand for further proceedings.

**{2}** In this memorandum opinion, issued solely for the parties' benefit, we limit our factual discussion to that necessary to resolve the issues presented and will further develop additional facts as necessary to resolve the issues presented.

## BACKGROUND

**{3}** This appeal involves one of Plaintiff's IPRA requests, which involved two subcategories of documents. As part of the IPRA request numbered 18-128, Plaintiff sought (1) documents related to appeals from inmates who were assigned to the "Predator Behavior Management Program" (PBMP), and (2) public records contained in Plaintiff's inmate file. Defendant provided no documents but offered justifications for its various positions on the requests. In response, Plaintiff filed a complaint alleging violations of IPRA, and subsequently filed an amended complaint, which identified the IPRA requests at issue. Defendant filed a motion for summary judgment, which the district court granted after a hearing. In relevant part, the district court determined that (1) Defendant was not required to create records; (2) Plaintiff's status as an inmate prevented him from accessing other inmates' files; and (3) Defendant reasonably required Plaintiff to make arrangements with his caseworker to view his inmate case file. Plaintiff appeals.

## DISCUSSION

**{4}** Under IPRA, if a person wishes to inspect public records, he "may submit an oral or written request to the custodian." Section 14-2-8(A). The request must include "the name, address and telephone number of the person seeking access to the records and shall identify the records sought with reasonable particularity." Section 14-2-8(C). "Each public body" is required to "designate at least one custodian of public records," who must "provide proper and reasonable opportunities to inspect public records." Section 14-2-7(C). Multiple exceptions apply to the right to inspect public records. *See* § 14-2-1(A)-(H). Public bodies are further not required to "create a public record." Section 14-2-8(B).

**{5}** On appeal, Plaintiff argues that Defendant "violated IPRA by failing to permit inspection of PBMP appeals and all public records contained in [Plaintiff's] prison file." Plaintiff acknowledges the facts are undisputed. Our review of the district court's decision is therefore de novo. *Dunn v. N.M. Dep't of Game & Fish*, 2020-NMCA-026, ¶ 3, 464 P.3d 129 (construing IPRA and applying "the relevant case law to undisputed facts" de novo). We address Plaintiff's two IPRA requests in turn.

**The PBMP Appeals Request**

**{6}** Plaintiff contends Defendant failed to comply with IPRA in the response to his request for documents related to PBMP appeals. Plaintiff's PBMP request stated as follows:

> (B) All PBMP appeals submitted by New Mexico [inmates] to thedirector of NMCD . . . and any public records identifying the number of appeals granted [versus] the number denied for the years of 2017 and 2018 AND;

> (C) All public records identifying the number of PBMP referrals approved by the PBMP committee compared to the number denied for the years 2017 and 2018.

Defendant responded, in relevant part, as follows:

> Regarding items (B) and (C), [NMCD] does not keep a database or log of [PBMP] appeals nor referrals; therefore, [NMCD] has no records concerning your request.

Defendant additionally explained that inmates are not permitted to view other inmates' case files, pursuant to regulation, and therefore, inmate grievances and the contents of inmate files are not subject to disclosure under IPRA. Plaintiff maintains that (1) Defendant's initial response disregarded the breadth of Plaintiff's request for PBMP appeal documents, (2) Defendant waived the opportunity to argue that inmates are not permitted to access other inmates' files, and (3) the district court could have performed an in camera review or ordered Defendant to redact confidential inmate information located in the files of inmates who appealed PBMP determinations. We disagree.

**{7}** Beginning with Plaintiff's first argument, Plaintiff's PBMP requests sought three things: (1) "[a]ll PBMP appeals submitted," (2) "any public records identifying the number of appeals granted [versus] the number denied," and (3) "[a]ll public records identifying the number of PBMP referrals approved by the PBMP committee compared to the number denied." Defendant responded that it keeps no database or log of appeals, and on summary judgment, Defendant argued that if a record of all the appeals submitted does not exist, IPRA does not require the custodian to look in individual files to identify which files might contain that information. On appeal, Plaintiff contends that he was not seeking nonexistent data, or "statistical information," and he wanted to inspect "each appeal, whether [it's] from the NMCD database or the inmate[']s prison file." Essentially, Plaintiff argues that Defendant was not "responsive" to his PBMP requests.

**{8}** "To determine whether a public record is 'responsive,' courts must evaluate whether the IPRA request identified the record 'with reasonable particularity.'" *Am. Civ. Liberties Union of N.M. v. Duran*, 2016-NMCA-063, ¶ 27, 392 P.3d 181 (quoting Section 14-2-8(C)). The second and third PBMP requests were not crafted "with reasonable particularity" to obtain anything more than numbers—statistical data. *Id.* Because

Defendant responded that they had no such data and IPRA does not require records custodians to create public records, *see* § 14-2-8(B), Defendant did not violate IPRA with the response to Plaintiff's second and third PBMP requests.

**{9}** Plaintiff's first request, however, seeks "all PBMP appeals submitted." At the hearing, Plaintiff explained that he did not request a compilation of the appeals submitted and that Defendant could "go find the appeals and . . . pull them." In his brief, Plaintiff acknowledges that the requested information existed "in pdf format and in each inmate[']s prison file." To the extent that Plaintiff's first request was made with reasonable specificity and communicated that he wished to review records from other inmates' files, we conclude that Defendant asserted a statutory exception to the request.

**{10}** IPRA authorizes records custodians to refuse to permit inspection of records "as otherwise provided by law." Section 14-2-1(H). On summary judgment, Defendant explained that prison regulations prohibit an inmate from accessing the content of another inmate's file. *See* N.M. Corr. Dep't Proc. Manual, Pol'y CD-040101, § (C)(1)(d) (2016) (the Regulation); *see also Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 16, 283 P.3d 853 (instructing courts to "restrict their analysis to whether disclosure under IPRA may be withheld because of a specific exception contained within IPRA, or statutory *or regulatory exceptions*, or privileges adopted by this Court or grounded in the constitution" (emphasis added)). Plaintiff does not dispute that the Regulation qualifies in the present case to create an IPRA exception "as otherwise provided by law." *See* § 14-2-1(H). Instead, citing *Britton v. Office of Attorney General*, 2019-NMCA-002, 433 P.3d 320, Plaintiff contends that Defendant waived the opportunity to assert that IPRA exception because it was not set forth in the initial response. We do not consider whether *Britton* establishes a standard for waiver of an IPRA exception, because even if Plaintiff correctly interprets *Britton*, Defendant's response complied with IPRA. *See* § 14-2-11(B) (outlining requirements for a written denial). Defendant's response letter explained that inmates could not view other inmates' files. That explanation was not specifically associated with the two PBMP requests (labeled "B" and "C"), but was instead related to a different request. Because the initial letter does refer to the Regulation, this discrepancy appears to be the basis for Plaintiff's waiver argument. But, if Plaintiff had expected Defendant to pull and produce documents from other inmates' files or allow him to view other inmates' files in response to requests "B" and "C," after receiving the response letter, Plaintiff would have known this was not permitted. Put another way, the response letter provided Plaintiff with "a written explanation" for why he would not be permitted to view the contents of other inmates' files. *See* § 14-2-11(B). Having explained to Plaintiff that the Regulation prohibited inmates from viewing the contents of other inmates' files, Defendant did not waive the opportunity to assert an IPRA exception based on the Regulation.

**{11}** Plaintiff maintains that rather than apply the exception, the district court should have conducted an in camera review and required Defendant to redact records or provide Plaintiff with an opportunity to inspect portions of the record. "Our IPRA jurisprudence contemplates in camera review in circumstances in which the applicability

of a disclosure exception is in question." *Duran*, 2016-NMCA-063, ¶ 45. Plaintiff does not point us to the portion of the record in which he requested an in camera review of the documents. Nor is an in camera review required "in every circumstance." *N.M. Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, ¶ 23, 460 P.3d 43; *see id.* (finding no abuse of discretion by the district court ruling without an in camera hearing). In the present case, it was undisputed that the sought after records were located within other inmates' files.[2] Under these circumstances, we cannot conclude that the district court abused its discretion in ruling without an in camera review of, or requiring redaction of every inmates' file. *See id.*

**Plaintiff's Request for His Inmate Case File**

**{12}** Plaintiff also requested, "(D) [a]ll public records contained within [Plaintiff's prison] file." Defendant responded,

> Regarding item (D) of your request, you are entitled to review your inmate case file. Please make arrangements with your case[ ]manager to review your file.

Plaintiff argues that by this response, Defendant did not permit him to inspect public records but instead "suggested an alternative" and violated a "non-discretionary duty to ensure that [Plaintiff] was permitted to inspect" the requested documents. Plaintiff does not argue that Defendant improperly delegated their duty but focuses on Defendant's failure to *ensure* that Plaintiff was able to view the public records. Specifically, at the hearing, Plaintiff explained that he had spent two years trying to view his case file with various caseworkers and that his lack of success led him to make an IPRA request. Plaintiff argued that if the records custodian delegated the duty to provide a reasonable opportunity to inspect the file to the case manager, the records custodian nevertheless had the obligation to ensure that Plaintiff was able to view his file.

**{13}** Plaintiff requested his case file with reasonable particularity. *See* § 14-2-8(C). Defendant invoked no exception to the right to inspect, but offered a reasonable opportunity to inspect by way of the case manager. *See* § 14-2-7(C). Plaintiff's IPRA request was made March 26, 2018. Defendant responded and directed him to contact the case manager on April 25, 2018. Plaintiff made a request to a caseworker on August 7, 2018,[3] and he continued to submit requests until he was transferred in February 2019. Nevertheless, Plaintiff had no opportunity to review the records. We therefore view Defendant's response to Plaintiff's request to view his own file as an

---

2Plaintiff makes no argument that any of the documents he sought to review were improperly included in inmate files.

3In response to Plaintiff's summary judgment motion, Defendant argued that Plaintiff had admitted that he had been given access to his prison file. In the reply, however, Plaintiff explained that he had viewed his file during a different time frame, when he had previously been housed at the penitentiary. Plaintiff's affidavit, attached to his summary judgment motion, explains the relevant time line of requests after he was "rehoused" at the penitentiary. Defendant provided no evidence to the district court to contradict Plaintiff's timeline. *See Jones v. City of Albuquerque Police Dep't*, 2020-NMSC-013, ¶ 49, 470 P.3d 252 (shifting the burden to the nonmovant to rebut a prima facie case).

incomplete or inadequate response. As a result, this case is similar to *Britton*, in which the records custodian timely responded but ultimately failed to fully answer the request. 2019-NMCA-002, ¶ 24. We concluded that when "a public body provides an incomplete or inadequate response to a request to inspect public records, that body is not in compliance with IPRA." *Id.* ¶ 33; *see also id.* ¶ 29 (noting that "'IPRA is intended to ensure that the public servants of New Mexico remain accountable to the people they serve.'" (quoting *San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶ 16, 150 N.M. 64, 257 P.3d 884)). In the present case, Defendant provided an incomplete or inadequate response, and the question becomes one of remedy. *See Britton*, 2019-NMCA-002, ¶ 35 (providing for statutory damages and "equitable relief and compensatory damages" under Sections 14-2-11 and 14-2-12 if a public body fails to permit inspection of all nonexempt responsive records); *see also id.* ¶ 36 (noting the district court erred by "summarily concluding" that the plaintiff could not recover damages under IPRA because the records custodian "committed the type of wrong" IPRA's penalties sought to remedy (internal quotation marks omitted)).

**{14}** A records requester is not entitled to IPRA damages "in every case where the public body has failed to comply with IPRA." *Id.* ¶ 38. IPRA leaves the amount of damages to the district court's discretion "where the district court has determined that the public body's failure is 'unreasonable,'" *id.* (quoting Section 14-2-11(C)(1)), and "[i]f a district court determines that a public body's failure to allow for inspection of responsive records was reasonable, it may properly refuse to award statutory damages." *Britton*, 2019-NMCA-002, ¶ 38. Because the "question of the reasonableness" is a matter of fact, we remand to the district court to determine (1) whether, under the circumstances, Defendant's failure to provide for inspection of Plaintiff's inmate file was unreasonable, and (2) the scope of any IPRA remedy. *Id.* ¶ 40.

**CONCLUSION**

**{15}** For the reasons stated herein, we affirm in part, reverse in part, and remand for further proceedings.

**{16} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**